

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
~~XXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-7133
Re: Whether or not a minor may own
a minority of stock in a corpora-
tion applying for a permit under
the Texas Liquor Control Act.

We have received your letter of March 4, 1946, where in you request
an opinion of this Department as to "whether or not a minor can own
a minority interest in a corporation." We understand the corpora-
tion in question to be a corporation applying for a Package Store
Permit under the Texas Liquor Control Act and the minority interest
of a minor or minors to be ownership of corporate stock in the
amount of less than fifty per cent (50%) of all of the corporate
stock. We assume that minors are not or shall not be incorporators
in the corporation in question or a corporation to be formed, since
minors are incapable of being incorporators. See Shaw v. McMillan
(Texarkana CCA) 24 S.W. (2d) 536.

Article 666, Section 18, Vernon's Annotated Penal Code of Texas,
relating to permits under the Texas Liquor Control Act to
corporations, provides, "no permit shall be issued to a corporation
unless the same be incorporated under the laws of the State and
unless at least fifty-one per cent (51%) of the stock of the
corporation is owned at all times by citizens who have resided
within the State for a period of three years and who possess the
qualifications required of other applicants for permits. . . ."
This statute only requires that fifty-one per cent (51%) of the
stock of a corporation be owned at all times by citizens of three
years Texas residence who fulfill the qualifications of applicants
for permits under the Texas Liquor Control Act. It follows,
therefore, that forty-nine per cent (40%) of the stock of the
corporation may be owned by non-residents or persons not qualified
as applicants. Such persons include minors not qualifying as
applicants under Article 666, Section 11, Vernon's Annotated Penal
Code of Texas.

Furthermore, Article 666, Section 11, Vernon's Annotated Penal code of Texas, states that "The Board or Administrator shall refuse to issue a permit to any applicant either with or without a hearing if it has reasonable grounds to believe and finds any of the following to be true; . . . (5) . . . . or that he is under twenty-one (21)years of age." The term applicant as used in Subsections (1 to 8) of Section 11, supra, is defined in Subsection 9 of Sec. 11, supra, to "Mean and include each member of a partnership or association and <u>all officers and the owner or owners of the majority of the stock of a corporation.</u>" (Emphasis ours) Therefore, when a corporation is an applicant for a permit, by definition all officers and the owner or owners of the majority of the stock of the corporation are applicants thereunder. Thus, minority stockholders are not applicants for a permit when a corporation applies for same.

You are therefore advised that a minor or minors may own not more than 49% of the stock of a corporation applying for a permit under the Texas Liquor Control Act, if said minors are not officers in said corporation, without prejudice to the rights of the corporation as applicant for a permit.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By  s/ Stewart W. DeVore

APPROVED MARCH 13, 1946  
s/ CARLOS C. ASHLEY  
FIRST ASSISTANT ATTORNEY GENERAL

Stewart W. DeVore,  
Assistant

SWD:rt

Letter from J. Manuel Hoppenstein of 2/27/46, enclosed

APPROVED: Opinion Committee  
By BWB, Chairman